EMANUEL S. SUTRO et al., Respondents, *v.* THE MANHATTAN
RAILWAY COMPANY et al., Appellants.

In estimating damages to land abutting on a city street by reason of the
construction and operation of an elevated railroad in the street, all
benefits general or special to the rental or fee value of the property
resulting from the existence of the railway, are to be considered, and
only such damages as are over and above all such benefits are
recoverable.

(Argued February 2, 1893 ; decided February 28, 1893.)

APPEAL from judgment of the General Term of the
Superior Court of the city of New York, entered upon an
order made December 30, 1891, which affirmed a judgment

in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This was an action by an abutting owner of property on Second avenue, in the city of New York, to restrain the operation and maintenance by defendants of their road in said street, and for damages.

The facts, so far as material, are stated in the opinion which is given in full.

"It has been settled by the cases of *Newman* (118 N. Y. 618) and *Bohm* (129 id. 576) that in estimating damages to property by reason of the construction and operation of the elevated railway, all benefits general or special to the rental or fee value of the property resulting from the existence of the railway, are to be considered, and that only such damages which are over and above all such benefits are recoverable. This doctrine stands upon the most manifest equity. The easements of light, air and access taken or impaired by the railroad structure are, as we have said, of no value to the property owner separated from the land, and the damages of the land owner are consequential merely.

"The injury from the impairment of these easements and the inconveniences and annoyances incident to the operation of the road may be, and in the case of business property especially, are quite likely to be offset in whole or in part by the increased facility of access afforded by the elevated system, thereby mitigating or preventing actual loss. In such cases it would be in the highest degree inequitable to estimate and award damages irrespective of benefits.

"In the present case the usual action is brought by the owner of property on Second avenue and Seventy-second and Seventy-third streets to recover past damages for diminution of rentals in consequence of the railway in Second avenue and for damages for the permanent impairment in value of the property caused thereby. The singular result was reached that there has been no injury in the past, and judgment for past damages was denied, and yet the owner was awarded $5,000 damages to the fee value, based on the supposed future damages which would result from the maintenance and operation of the defendants' road 'over and above

all benefits peculiar to said premises.' This result, moreover, was reached although it appeared that the aggregate rental value of the premises had increased and that the fee value had largely increased since the railroad was constructed. Special circumstances may in some cases affect the ratio of rental to the fee value of property. In this case circumstances were shown which may possibly have contributed to maintain the rentals of the apartments above the normal value, but the steady increase in the rental value of the stores is undisputed, largely increasing the aggregate receipts from the property since 1882.

"It is quite plain, we think, that the trial court in arriving at the damages to the fee value of the property did not apply the proper rule. The judge refused to find that the easements taken or impaired had, as to the abutting owner, only a nominal value, independent of their relation to the land, a principle sanctioned by our decisions. He also refused to find that the traffic on Second avenue where the premises are located was largely increased by the presence of the railroad, or that the road produced a special benefit to the property for business purposes. Both of these facts were, we think, established without contradiction, either directly or from facts which the court would have been warranted in inferring, and ought to have inferred, in the absence of evidence to the contrary. And in awarding damages the court apparently only regarded benefits 'peculiar to said premises,' thereby inferentially excluding general benefits to the property which it may have shared in common with other property.

"There is, it must be admitted, some indefiniteness in the manner of raising the exceptions relied upon. But we are not disposed to be very critical in construing them against the defendants under the circumstances of the case. A very clear case should be presented, we think, on the part of the owner of improved property to justify an award of fee damages when an award of past damages is denied. The court ought not, we think, to assume that the present condition is not to continue, or to award fee damages on the speculation that by future changes in the operation of the road or the location of its stations the benefits which it now receives will be with-

drawn. The judgment in the case seems to have been drawn with special care to confine the award of fee damage for the easements taken to damages for the maintenance of the defendants' railway 'as at present maintained.'

"But in any view we think the plaintiffs upon this record failed to establish any claim for substantial fee damage.

"The judgment should be reversed and a new trial granted."

*Brainard Tolles* for appellants.

*E. W. Tyler* for respondents.

ANDREWS, Ch. J., reads for reversal.
All concur, GRAY, J., in result.
Judgment reversed.